IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Sorel Mazyck, | ) | |
| | ) | Civil Action No. 0:13-1696-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

The plaintiff, Sorel Mazyck ("Mazyck"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), DSC, this matter was referred to a magistrate judge for pretrial handling. Now before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 28.)[1] In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. Mazyck has filed objections to the Report (ECF No. 30) and the Commissioner has responded to those objections (ECF No. 31). Accordingly, this matter is now ripe for review.

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## BACKGROUND

Mazyck applied for DIB and SSI in February 2011, alleging disability beginning February 16, 2004, due to fibromyalgia, migraines, arthritis, degenerative disc disease, a bulging disk, bad knees, hernia, high blood pressure, pulmonary arrhythmia, sleep problems, and an enlarged lymph node. Mazyck's application was denied initially and on reconsideration. On February 10, 2012, an Administrative Law Judge ("ALJ") heard testimony from Mazyck, Mazyck's mother, and a vocational expert. Subsequently, the ALJ issued a decision denying Mazyck's claim.

In his decision, the ALJ found that Mazyck suffered from severe impairments, including fibromyalgia, degenerative disc disease, obesity, hypertension, headaches, and hernia, but that medical evidence did not support the alleged severity of those impairments. As a result, the ALJ limited Mazyck to sedentary work and found that, despite her limitations, jobs existed in significant numbers in the national economy that Mazyck could perform. The Appeals Council denied Mazyck's request for review, making the ALJ's decision the final decision of the Commissioner. This action followed.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review,

the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

Mazyck asserts three main objections: (1) the Report does not sufficiently address Mazyck's contention that the ALJ improperly supported his RFC analysis with contradictory findings, (2) the ALJ erred in failing to request additional records from Dr. Okonofua and Dr. Edwards, and (3) the ALJ's credibility determination is not supported by substantial evidence. After conducting the requisite review, the court finds that the Report thoroughly and accurately addresses Mazyck's second and third objections. And, for the reasons that follow, the court does not find Mazyck's first objection persuasive.

In her initial brief (ECF No. 23), Mazyck argued that the ALJ undermined his RFC analysis by relying on contradictory findings. In particular, the ALJ found that Mazyck's allegations of debilitating pain were supported by only minimal treatment notes and clinical findings in the record, despite also noting that Mazyck had visited the emergency room frequently during the relevant period for pain treatment. In evaluating this claim, the Report found that the ALJ expressly considered and discussed Mazyck's frequent emergency room

visits and observed that the visits consistently revealed normal musculoskeletal examinations with no limitations. Mazyck objects to this reasoning, asserting that it fails to address her initial argument.

In assessing Mazyck's RFC, the ALJ found that "[while] the claimant visited the emergency department 29 times between September 2008 and March 2011, it appears that the claimant uses emergency services as her primary care physician and to obtain narcotic pain medication." The ALJ goes on to observe that "[m]ost of these visits have lasted, at the most, a few hours, as the claimant indicates that she is in chronic pain, is found to be in no acute distress, is given narcotic pain medication as requested, and is released," and "[c]onsistently, despite her complaints of pain and tenderness, the claimant has had normal musculoskeletal examinations with no limitations." This is an accurate summary of the hundreds of pages of notes from various emergency departments. While those records reflect that Mazyck did seek medical attention, they do not provide any clinical evidence or treatment information that supports her disability claim.[2] Accordingly, the court finds that the Report properly found that the ALJ fully complied with all applicable standards.

## CONCLUSION

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Mazyck's impairments and functional capacity. Likewise, the magistrate judge considered each of Mazyck's arguments and properly addressed each in turn, finding them without merit. Having conducted the required de novo review of the issues to which Mazyck has specifically objected, the court finds no basis for disturbing the Report. Accordingly, the court adopts the Report and

---

[2] The court has thoroughly reviewed all of these records. Not one references a possible functional limitation and several suggest a history of drug-seeking behavior.

its recommended disposition. Therefore, for the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
August 12, 2014